IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01615-BNB

ELMER FIMBRES #0610481,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL ALBERTO GONZALES,
ARAPAHOE COUNTY BOARD OF COUNTY COMMISSIONERS,
SUSAN BECKMAN,
FRANK WEDDIG,
MAYOR OF CENTENNIAL RANDY PYE,
CORRECTIONAL HEALTHCARE MANAGEMENT,
DR. SCHLEGEL,
DR. SOLIS,
NURSE LAUREN IVERSON,
NURSE MARY DAVELOU,
NURSE EFRAIN,
NURSE TIM GOSS, R.N.,
ELAIN MEYERS, H.S.A., R.N. AND COMPLETE MEDICAL STAFF 1-100.
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
SURGEON GENERAL RICHARD M. CARMONA,
COLORADO STATE BOARD OF MEDICAL EXAMINERS SUSAN MILLER,
COLORADO STATE BOARD OF NURSING,
COLORADO STATE BOARD OF PHARMACY,
DEPT. OF REGULATORY AGENCIES,
TAMBOR WILLIAMS EXECUTIVE DIRECTOR,
DIVISION OF REGISTRATIONS ROSEMARY MCCOOL,
CENTERS FOR DISEASE CONTROL AND PREVENTION,
JULIE LOUISE GERBERDING,
SECRETARY OF HEATH [sic] AND HUMAN SERVICES MICHAEL A. LEAVITT,
OFFICE OF NATIONAL DRUG CONTROL POLICY,
JOHN P. WALTERS,
ARAMARK FOOD SERVICE,
MAURICE WOMAK,
EDDIE FILMORE,
JANE STUDDISH,
ARAPAHOE COUNTY DETENTION FACILITY,
SHERRIFF [sic] J. GRAYSON ROBINSON,
CHIEF LAUDERDALE,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 12 2006

GREGORY C. LANGHAM
             CLERK

LT. HARTMAN,
LT. MANOS,
DS FINGER,
D/S JAMES,
D/S SEXTON,
D/S HOUSER,
SGT. WISCOMB,
D/S THOMAS,
D/S FREEMAN,
D/S TRUJILLO,
SGT. GROSKRUGER,
D/S CARLE,
CAPTAIN BAY,
TWIN CITIES SECURITY COMPANY,
LT. WICKSTROM,
LAW LIBRARY SHEILA CLARK,
MS. FRANCAIS,
MS. BRITTANY, and
ALL THE ABOVE INDIVIDUALS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES
    AND UNKNOWN INDIVIDUALS NOT LISTED WHO ARE CURRENTLY
    UNKNOWN,

   Defendants.

---

## ORDER ALLOWING PLAINTIFF TO PROCEED
## WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

---

In an order entered on September 6, 2006, the court granted Plaintiff Elmer Fimbres leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(1), the court ordered Mr. Fimbres either to pay an initial partial filing fee of $9.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. On September 11, 2006, Mr. Fimbres submitted a copy of his inmate trust fund account statement showing that the available balance in his account as of August 28, 2006, is zero. The financial affidavit previously filed by Mr. Fimbres reveals no other assets.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the action is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because he has demonstrated that he has no assets and no means by which to pay the initial partial filing fee, Mr. Fimbres will be allowed to proceed in this action without payment of the initial partial filing fee designated in the court's September 6, 2006, order. The court will proceed to review the complaint pursuant to § 1915(e)(2)(B). However, although he may proceed without payment of an initial partial filing fee, Mr. Fimbres remains obligated to pay the full $350.00 filing fee through monthly installments as directed in the court's September 6 order and reiterated below. Accordingly, it is

ORDERED that Mr. Fimbres may proceed in this action without payment of the initial partial filing fee designated in the court's September 6, 2006, order because he has shown cause why he has no assets and no means by which to pay an initial partial filing fee. Mr. Fimbres remains obligated to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1). It is

FURTHER ORDERED that until the $350.00 filing fee is paid in full, Mr. Fimbres shall make monthly payments to the court of twenty (20) percent of the preceding

month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Fimbres is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Mr. Fimbres must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Mr. Fimbres fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice. It is

**FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED October 12, 2006, at Denver, Colorado.

                                                    BY THE COURT:

                                                    s/ Boyd N. Boland
                                                    United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01615-BNB

Elmer Fimbres
Prisoner No. 0610481
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/12/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk