IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01615-BNB

ELMER FIMBRES #0610481,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL ALBERTO GONZALES,
ARAPAHOE COUNTY BOARD OF COUNTY COMMISSIONERS,
SUSAN BECKMAN,
FRANK WEDDIG,
MAYOR OF CENTENNIAL RANDY PYE,
CORRECTIONAL HEALTHCARE MANAGEMENT,
DR. SCHLEGEL,
DR. SOLIS,
NURSE LAUREN IVERSON,
NURSE MARY DAVELOU,
NURSE EFRAIN,
NURSE TIM GOSS, R.N.,
ELAIN MEYERS, H.S.A., R.N. AND COMPLETE MEDICAL STAFF 1-100.
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
SURGEON GENERAL RICHARD M. CARMONA,
COLORADO STATE BOARD OF MEDICAL EXAMINERS SUSAN MILLER,
COLORADO STATE BOARD OF NURSING,
COLORADO STATE BOARD OF PHARMACY,
DEPT. OF REGULATORY AGENCIES,
TAMBOR WILLIAMS EXECUTIVE DIRECTOR,
DIVISION OF REGISTRATIONS ROSEMARY MCCOOL,
CENTERS FOR DISEASE CONTROL AND PREVENTION,
JULIE LOUISE GERBERDING,
SECRETARY OF HEATH [sic] AND HUMAN SERVICES MICHAEL A. LEAVITT,
OFFICE OF NATIONAL DRUG CONTROL POLICY,
JOHN P. WALTERS,
ARAMARK FOOD SERVICE,
MAURICE WOMAK,
EDDIE FILMORE,
JANE STUDDISH,
ARAPAHOE COUNTY DETENTION FACILITY,
SHERRIFF [sic] J. GRAYSON ROBINSON,
CHIEF LAUDERDALE,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 12 2006

GREGORY C. LANGHAM
           CLERK

LT. HARTMAN,
LT. MANOS,
DS FINGER,
D/S JAMES,
D/S SEXTON,
D/S HOUSER,
SGT. WISCOMB,
D/S THOMAS,
D/S FREEMAN,
D/S TRUJILLO,
SGT. GROSKRUGER,
D/S CARLE,
CAPTAIN BAY,
TWIN CITIES SECURITY COMPANY,
LT. WICKSTROM,
LAW LIBRARY SHEILA CLARK,
MS. FRANCAIS,
MS. BRITTANY, and
ALL THE ABOVE INDIVIDUALS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES
    AND UNKNOWN INDIVIDUALS NOT LISTED WHO ARE CURRENTLY
    UNKNOWN,

   Defendants.

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Elmer Fimbres is a pretrial detainee who is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. He initiated the instant action by filing *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. §1983 (2003) and 28 U.S.C. § 1343 (1993). Mr. Fimbres has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) without an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Fimbres is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

2

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Fimbres will be ordered to file an amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the available grievance procedure as to each of his claims.

The Court has reviewed the complaint and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd* 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Fimbres' complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). The Court

has done its best to summarize briefly Mr. Fimbres' various claims. He alleges that he generally has been subjected to inhuman conditions of confinement (claims one, five, and six); that he has been denied access to the courts (claim two); that he has been denied adequate medical care (claim three); and that he is one of three inmates confined in a two-person cell (claim four).

The complaint fails to make clear the reason or reasons Mr. Fimbres is suing each named defendant. Rather than summarizing each claim succinctly, Mr. Fimbres apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Fimbres' responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Fimbres must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Fimbres also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Centennial

4

Mayor Randy Pye, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Fimbres should be given an opportunity to file an amended complaint. He will be directed to do so below.

In addition, it appears to the Court that Mr. Fimbres has failed to exhaust each of his claims and the issues raised within the claims through the available jail grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Fimbres is a prisoner confined in the Arapahoe County Detention Facility. The claims he asserts relate to his jail conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. §1997e(a) "imposes a

pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Fimbres must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Fimbres has failed to exhaust administrative remedies for any one of his claims or the issues raised within those claims, the entire complaint must be dismissed.

Mr. Fimbres has submitted as attachments to his complaint copies of a grievance and a medical request form concerning falling in his cell, injuring his back, and the alleged delay in receiving medical treatment. However, he fails to attach copies of administrative proceedings concerning the remainder of his claims or describe their disposition with specificity. Instead, he directs the Court to order the Arapahoe County Detention Facility to provide copies of his grievances. Just as it is not the Court's responsibility to organize Mr. Fimbres's claims into a manageable format, it is not the Court's responsibility to obtain and organize his grievances in a manner that clearly demonstrates exhaustion. Therefore, Mr. Fimbres will be ordered to show cause why the complaint should not be dismissed for failure to demonstrate exhaustion of the available administrative grievance procedure for each asserted claim and subclaim.

Finally, Mr. Fimbres is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Fimbres should review his claims carefully

to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Fimbres file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the available administrative remedy procedure as to each asserted claim and each issue raised within each claim. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Fimbres, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Fimbres submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Fimbres fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will bedismissed without further notice.

DATED October 12, 2006, at Denver, Colorado.

                BY THE COURT:

                s/ Boyd N. Boland
                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01615-BNB

Elmer Fimbres
Prisoner No. 0610481
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 10/12/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk